UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBY L. COATES,

    Plaintiff,

v.                                                   CASE NO: 8:07-cv-291-T-26TBM

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Motion for Summary Judgment, Statement of Undisputed Facts, and the administrative record (Dkts. 20-22), Plaintiff's Memorandum in Opposition, Statement of Undisputed Facts, a Declaration of Plaintiff Bobby L. Coates and the deposition of Teresa Sanchez, a representative of Defendant The Guardian Life Insurance Company of America (Guardian). (Dkts. 26-30). After careful consideration of the motion, the administrative record, and all of the submissions by the parties, the Court concludes that the motion for summary judgment should be denied.

**INTRODUCTION**

In this ERISA[1] action seeking relief for two different types of disability benefits, Guardian seeks summary judgment as to the claim for long term disability (LTD) benefits

---

[1] Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq.

only.  Guardian does not seek summary judgment as to the denial of short term disability benefits under the "Weekly Loss of Time Earnings" part of the policy, and, therefore, the trial will necessarily proceed as to that claim.  For the following reasons, the Court finds that the claim for LTD benefits should also proceed to trial.

## CLAIM FOR BENEFITS

On June 10, 2005, Plaintiff submitted a claim for LTD benefits with Guardian, the insurer of his employer, Bredel Corporation.[2]  On the claim form, he filled in the date that he became partially disabled as February 2003, and the date that he became totally disabled as February 2004.  The date of the injury to his back or when he first noticed the symptoms, as well as the date he was first treated for the injury to his back, he answered as October 1970.  He described the symptoms on the form as acute pain, inability to ambulate, and chronic pain syndrome.  He listed his family physician as Dr. David Brecher.  He also noted on the form that he was receiving $2,800 per month since March 2005 from "Equitable."

He attached an attending physician form to his claim form, which was completed by Dr. Brecher.  Dr. Brecher found him partially disabled from February 8, 2003, through February 1, 2004, and totally disabled beginning February 1, 2004, through June 10, 2005, the date he filled out the form. The date Dr. Brecher designated for his return to work was "unknown/probably never."

---

[2] For a copy of the ERISA policy, see docket 20, Administrative Record (AR) 1-90.

## DENIAL OF BENEFITS

On December 14, 2005, Guardian denied Plaintiff's claim for various reasons including (1) the prejudice caused to Guardian by the late notice and late proof of the claim and inadequate explanations for both, (2) Plaintiff's ineligibility due to not becoming totally disabled while insured under the plan, i.e, not being a full time employee,[3] (3) the lack of written proof that Plaintiff had been under the regular care of a doctor for the cause of the disability, (4) the unacceptable proof from doctors who were business associates of Plaintiff as the disabled employee, and (5) the lack of written proof of Plaintiff's prior monthly earnings.  Guardian's decision, unless properly tolled pursuant to 29 C.R.F. § 2560.503-1(f)(4) or otherwise considered to be in substantial compliance with the plan and the regulations, came long after forty-five days from the date the claim was filed.[4]

## STANDARD OF REVIEW

---

[3]  See docket 20, AR 982-992.

[4]  29 C.F.R. § 2560.503-1(f)(3) provides in pertinent part as follows:
> [T]he plan administrator shall notify the claimant, in accordance with paragraph (g) of this section, of the plan's adverse benefit determination within a reasonable period of time, but not later than 45 days after receipt of the claim by the plan.  This period may be extended by the plan for up to 30 days, provided that the plan administrator both determines that such an extension is necessary due to matters beyond the control of the plan and notifies the claimant, prior to the expiration of the initial 45-day period, of the circumstances requiring the extension of time and the date by which the plan expects to render a decision.

The framework for determining the appropriate standard of review in ERISA cases is governed by <u>Williams v. BellSouth Telecomms., Inc.</u>, 373 F.3d 1132 (11th Cir. 2004). Decisions of an ERISA plan administrator may be reviewed using three different standards enunciated by the courts: *de novo*; arbitrary and capricious; and heightened arbitrary and capricious, depending on the circumstances. Where, as in the instant case, the plan administrator, Guardian, is given the discretion to decide the claims and the administrator operates under a conflict of interest, the standard is heightened arbitrary and capricious. Plaintiff, however, asserts that the *de novo* standard should apply in this case because Guardian was late, well beyond the 45-day period allowed,[5] in denying the claim.

## ANALYSIS

In some circuits other than the Eleventh, a *de novo* standard of review has been applied to situations formerly known as "deemed denied" claims[6] for LTD benefits.[7] Still

---

[5]   <u>See</u> 29 C.F.R. § 2560.503-1(f)(3).

[6]   The term "deemed denied" appears in the 1998 version of 29 C.F.R. § 2560.503-1(e)(2), which applies to denials of claims by the plan administrator in the first instance, and § 2560.503-1(h)(4), which applies to denials of benefits on review with the plan administrator. The former section 2560.503-1(e)(2) provides as follows:
> If the notice of the denial of a claim is not furnished in accordance with paragraph (e)(1) of this section within a reasonable period of time, the claim shall be *deemed denied* and the claimant shall be permitted to proceed to the review stage described in paragraph (g) of this section.

(Emphasis added). Former section 2560.503-1(h)(4) provides as follows:
> The decision on review shall be furnished to the claimant within the appropriate time described in paragraph (h)(1) of this section. If the decision on review is not furnished within such time, the claim shall be *deemed denied* on review.

-4-

other circuits refuse to apply any standard higher than deferential.[8]  Plaintiff readily

---

(Emphasis added).  In 2000, this section was amended to delete the "deemed denied" language.  The amended regulation shortened the time period for notification of the initial denial to 45 days from 60 days.  29 C.F.R. § 2560.503-1(f)(3).  The following language was added as it relates to a claim being "deemed denied:"
> Failure to establish and follow reasonable claims procedures. In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be *deemed to have exhausted the administrative remedies* available under the plan and *shall be entitled to pursue any available remedies* under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.503-1(l) (emphasis added).

[7]  Nichols v. Prudential Ins. Co. of Am., 406 F.3d 98, 109 (2d Cir. 2005) (aligning with Third, Ninth, and Tenth Circuits holding that *de novo* review applies to "deemed denial" of appeal from benefits because deferential standard of review applies only when trustee exercises discretionary powers under Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989), thereby requiring an actual exercise of discretion); Gritzer v. CBS, Inc., 275 F.3d 291, 295-96 (3d Cir. 2002) (holding that plan administrator's failure to respond at all to claim amounted to "deemed denial" which required no exercise of discretion and therefore warrants *de novo* review because trustee forfeited privilege to apply discretion, citing Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989)); Jebian v. Hewlett-Packard Co. Employee, Benefits Org. Inc. Prot. Plan, 349 F.3d 1098, 1103 (9th Cir. 2003), cert. denied, 545 U.S. 1139 (2005) (holding as a matter of first impression that "deemed denials" outside the 60-day period for appeals from denials do not require an exercise of discretion and hence should be reviewed *de novo*); Gilbertson v. Allied Signal, Inc., 328 F.3d 625, 631 (10th Cir. 2003) (holding as a matter of first impression that "deemed denials" resulting from lapse of time amounts to denial by operation of law and not exercise of discretion, thereby triggering the default *de novo* review under Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989)).

[8]  McGarrah v. Hartford Life Ins. Co., 234 F.3d 1026, 1031 (8th Cir. 2000) (holding that Hartford's complete failure to respond to claimant's appeal constituted serious procedural irregularity insufficient to wrest away application of deferential standard); Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 101 (5th Cir. 1993) (holding that district court may not review factual findings of administrator under *de novo*

admits that the Eleventh Circuit has not yet decided whether review of a deemed denial should be *de novo*. See Torres v. Pittston Co., 346 F.3d 1324, 1332-33 (11th Cir. 2003).

Application of the *de novo* standard in this case would permit this Court to view materials outside the administrative record, i.e., a declaration made by Plaintiff long after the administrative decision to deny the claim was made, and the Rule 30(b)(6) deposition of Guardian.[9] Plaintiff desires to rely on his own declaration in which he denies some of the notations made in the claims file regarding his response as to the exact dates he was a full time employee which directly affects his eligibility for LTD benefits. Citing 29 C.F.R. § 2560.503-1(h)(2)(iv) as authority for the requirement that Guardian had a duty to record all pertinent information in the administrative record, Plaintiff seeks to use the 30(b)(6) deposition as evidence of Guardian's failure to comply with regulations. In the 30(b)(6) deposition, Guardian admits that there is no procedure or policy in place to record all information obtained through telephone calls into what becomes the administrative record.[10]

---

standard when the claim is "deemed denied" by administrator's failure to give claimant timely notice of denial); Daniel v. Eaton Corp., 839 F.2d 263, 267 (6th Cir. 1988) (holding that failure to act on claimant's appeal did not give rise to *de novo* action because standard of review is no different whether denied or "deemed denied").

[9] Teresa Sanchez was produced as the representative of Guardian with knowledge about the claims file. See dockets 29 & 30.

[10] See docket 29, dep. of Teresa Sanchez, pp. 20-21.

Having reviewed the various circuit court cases discussing whether to apply the *de novo* versus the deferential standard for situations in which the plan administrator has denied benefits either far beyond the time periods allotted in the plan and the regulations or not denied them at all, this Court finds that the particular circumstances of this case warrant the application of the *de novo* standard of review.  As the Second, Third, Ninth,[11] and Tenth Circuits have reasoned, failure to make a timely decision or no decision at all amounts to a failure to exercise discretion.  Although the specific "deemed denied" language in the regulation has been removed, the Eleventh Circuit in Torres referred to the change in the language as simply a modification of the "deemed denied" provision. Torres, 346 F.3d at 1332 n. 10.  The applicable regulations clearly permit the claimant to pursue his remedies of filing suit if the plan administrator has neglected to timely deny the claim, characterizing the situation as a "deemed" exhaustion of administrative remedies.[12]  Absent any finding that Guardian has complied with the time limits in the

---

[11]  The Court is mindful of Gatti v. Reliance Standard Life Ins. Co., 415 F.3d 978 (9th Cir. 2005), in which the Ninth Circuit distinguishes Jebian, and specifically refrains from addressing the changes in the regulations to delete the term "deemed denied."  Gatti, 415 F.3d at 982 n. 1.

[12]  At least one other district court in the Eleventh Circuit has employed *de novo* review in a case under the post-2000 regulations, holding that the failure to deny a claim within the time limits imposed by ERISA's implementing regulations is a constructive denial tantamount to the former "deemed denial."  Stefansson v. Equitable Life Assur. Soc'y, Case no. 5:04-cv-40-HL, 2007 WL 2277486 (M.D. Ga. Sept. 19, 2005).

regulations and the plan, the late denial of benefits in this case constitutes a constructive denial best suited for a *de novo* review.

The crucial time line kept by Guardian reveals that, even assuming the claim was tolled during periods in which Guardian requested information, far more than 45 days passed before Guardian denied the claim. See 29 C.F.R. § 2560.503-1(f)(4).[13] Plaintiff filed the claim on June 10, 2005. On June 29, 2005, Guardian requested additional information.[14] Plaintiff supplied the information on August 2, 2005.[15] On August 26, 2005, Guardian denied the claim for short term disability benefits referred to as "Weekly Loss of Time Earnings."[16] By subtracting the tolled days for the gathering of information, as of August 26th, only two days remained before the expiration of the 45-day limit to

---

[13]   Section 2560.503-1(f)(4), titled "Calculating time periods" provides as follows:
   For purposes of paragraph (f) of this section, the period of time within which a benefit determination is required to be made shall begin at the time a claim is filed in accordance with the reasonable procedures of a plan, without regard to whether all the information necessary to make a benefit determination accompanies the filing. In the event that a period of time is extended as permitted pursuant to paragraph (f)(2)(iii) or (f)(3) of this section due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information.

[14]   See docket 20, AR 1103.

[15]   See docket 20, AR 528-531, 1103.

[16]   See docket 20, AR 498, 1103.

deny LTD benefits.  Guardian did not at that point either request additional information from Plaintiff or request an extension of time to make a decision pursuant to 29 C.F.R. § 2560.503-1(f)(3).  Thus, on August 28, 2005, the claim was denied by operation of law.  The record does not justify the passage of more than three additional months before actually denying the claim on December 14, 2005.

Applying the *de novo* standard of review to the record in this case leads the Court to conclude that there is a genuine issue of fact as to whether Plaintiff was eligible for LTD as a full time employee and whether Plaintiff provided sufficient medical proof of disability and proof of earnings to Guardian.  It is therefore **ORDERED AND ADJUDGED** Defendant's Motion for Summary Judgment (Dkt. 20) is **DENIED**.  This case shall proceed to trial.

**DONE AND ORDERED** at Tampa, Florida, on January 30, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record